UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINAL SHORT,

                Petitioner,                Case Nos. 15-13533 and 15-13672
                                                      Hon. Gerald E. Rosen

SHAWN BREWER,

                Respondent.
_____/

**ORDER CONSOLIDATING CASES**

Petitioner Reginal Short has filed two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Case number 15-13533 challenges Petitioner's Saginaw Circuit Court convictions for carrying a concealed weapon, felony firearm, and felon in possession of a firearm. Case number 15-13672 challenges Petitioner's Saginaw Circuit Court convictions for felonious assault, unlawful imprisonment, domestic violence, larceny, felony-firearm, and felon in possession of a firearm. Both petitions assert that Petitioner's right against double jeopardy was violated by being convicted of felony firearm and other firearm offenses.

It appears from the pleadings and attached exhibits that these two sets of Saginaw Circuit Court convictions were filed in the state court as separate cases. Both cases were resolved, however, at the same guilty plea hearing held on September 24, 2012, and Petitioner was sentenced on both sets of convictions at the same proceeding held on October 16, 2012. Moreover, Petitioner's state appeals from these convictions were consolidated.

Pursuant to Federal Rule of Civil Procedure 42(a), courts may consolidate actions involving a common question of law or fact and enter orders to avoid unnecessary cost or delay. Although

Petitioner properly challenged his two sets of convictions in two separate habeas petitions, the two cases are closely related. The parties are the same, the issues are nearly identical, and the convictions arose from the same plea proceeding in Saginaw Circuit Court. Consolidating the cases will promote judicial economy and reduce the likelihood of confusion. It would not be an abuse of discretion to consolidate the two cases, because consolidation will not prejudice the parties, and the two cases are "functionally equivalent." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992).

The court will thus order the cases to be consolidated and Petitioner will be directed to proceed on the earlier-filed case docket. The latter-filed case will be dismissed without prejudice. This order is purely ministerial and nothing in this order shall be construed as adversely impacting Petitioner's substantive rights. The court deems this method to be the most efficient manner in which to proceed, given the similarity of issues between the two cases. Accordingly,

**IT IS ORDERED** that these cases be consolidated, and case number 15-13672 is **DISMISSED** without prejudice.

All future filings shall be docketed solely in case number 15-13533.

The Clerk of Court is **DIRECTED** to file this order on the docket of case number 15-13533 and case number 15-13672, and all pleadings and orders entered in case number 15-13672 shall be docketed in case number 15-13533.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  December 1, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 1, 2015, by electronic and/or ordinary mail.

                                s/Julie Owens  
                                Case Manager, (313) 234-5135