UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINAL SHORT,

                    Petitioner,                         Case No. 2:15-cv-13533
                                                        Hon. Gerald E. Rosen
v.

SHAWN BREWER,

                    Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS,
(2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING
PERMISSION TO APPEAL IN FORMA PAUPERIS**

This case was consolidated from two habeas petitions filed by Michigan prisoner Reginal Short under 28 U.S.C. § 2254. The petitions challenge two sets of Saginaw Circuit Court convictions that were resolved in a single plea proceeding. In Saginaw Circuit No. 11-036783, Petitioner pled guilty to carrying a concealed weapon, MICH. COMP. LAWS § 750.227, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and commission of a felony with a firearm. MICH. COMP. LAWS § 750.227b. In Saginaw Circuit No. 12-037238, Petitioner pled no contest to unlawful imprisonment, MICH. COMP. LAWS § 750.349, felonious assault, MICH. COMP. LAWS § 750.82, larceny, MICH. COMP. LAWS § 750.357, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and three counts of commission of a felony with a firearm. MICH. COMP. LAWS § 750.227b. Petitioner was sentenced under the terms of the plea agreement to a controlling sentence of 50 months to 22 years for the unlawful imprisonment conviction, to be served consecutively with 2 year terms for the felony-firearm convictions. The state court imposed shorter concurrent terms for his other convictions.

The Court interprets the petitions to be asserting the following claims: (1) because Petitioner was pulled-over for a civil infraction with respect to the 2011 case, he was improperly charged with commission of a felony with a firearm, (2) the state court lacked jurisdiction to try Petitioner with respect to the 2011 case because there was no evidence to support the charges, (3) the state court lacked jurisdiction to try Petitioner with respect to the 2012 case because there was no evidence that Petitioner used a firearm, and (4) Petitioner's double jeopardy rights were violated with respect to both cases because he was charged with multiple firearm offenses for individual criminal transactions. The Court finds that review of Petitioner's claims is waived by his voluntary guilty pleas and that the claims are otherwise without merit. Therefore, the petition will be denied. The Court will also deny Petitioner a certificate of appealability, and it will deny him permission to proceed on appeal in forma pauperis.

## I. Background

While Petitioner was on bond awaiting sentencing for felony convictions entered in 2009, he was charged with the two sets of offenses challenged by the present habeas action. The first set concerned an incident occurring on August 30, 2011, when Petitioner was pulled-over during a traffic stop and found to be in possession of a firearm. The second set of charges concerned an incident occurring on April 24, 2012, when Petitioner restrained his girlfriend with the use of a knife and a handgun.

The two cases were resolved at a single plea hearing held on September 11, 2012. The prosecutor stated at the hearing that in exchange for Petitioner's pleas, he would recommend that the sentences in the two cases run concurrently with each other and with the sentences that would be imposed in Petitioner's 2009 case. Dkt. 13-10, at 3-4. The prosecutor also promised to recommend that the minimum sentence on the most serious charge–unlawful imprisonment–would

2

not exceed 50 months. Id., at 4.

Petitioner was then placed under oath. He acknowledged reading and understanding the advice of rights form, and he confirmed that he signed the form. Id., at 5-6. Petitioner indicated his understanding that the prosecutor would recommend that the sentences from the two cases and the 2009 case would run concurrently, but that by operation of law the felony-firearm sentences would be consecutive. Id., at 6-7.

Petitioner indicated he understood that the prosecutor would recommend that the minimum sentence would not exceed 50 months. Id., at 7-8. Petitioner denied the existence of any agreements other than what was placed on the record, and he denied that anyone had threatened him to enter his plea. Id., at 8. He stated that he was entering the plea of his own freewill. Id. The trial court informed Petitioner of the maximum sentences for the charges, and Petitioner indicated his understanding. Id., at 9-11. A factual basis was then made for both sets of charges. Id., at 12-14. The court found that Petitioner's pleas were "understanding, voluntary, and accurate, as well as factually supported and free from duress or coercion." Id., at 14.

Petitioner was subsequently sentenced under the terms of the agreement. Dkt. 13-11, at 7-10.

Petitioner then filed a pro se application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. Double jeopardy exist [sic] in this case being that Defendant-Appellant was charged with felony firearm and carrying conceal weapon, this is a duplicitous charge being that one deal [sic] with carrying a concealed weapon without being in the commission of a felony, and the felony firearm is being in the commission of a felony while having a firearm, and the case shows conclusively Defendant-Appellant was not in the commission of a felony at the time of his arrest for the charges sustained.

> II. Whether like claim one, double jeopardy and jurisdictional defects exist for multiple charges arising from a single transaction as shown in case docket 11-036783-FH, being that the State charged the Defendant-Appellant with both

3

carrying a conceal weapon and felony firearm when the elements and evidence did not support a charge for felony firearm, this is a [sic] inapplicable charge as well as one of jurisdictional defect that voids the State of legal statutory authority to act.

III. Whether like claim [sic] one and two, double jeopardy and jurisdictional defects exist for multiple charges arising from a single transaction as shown in case docket 12-037238-FH, being that the State charged the Defendant-Appellant with felony firearm and felon in possession of a firearm, without the police ever arresting the Defendant with a firearm when the alleged crime happen, for anytime thereafter.

The Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." *People v. Short*, No. 323441 (Mich. Ct. App. Dec. 22, 2014). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Short*, 863 N.W.2d 319 (Mich. 2015) (table).

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law. Where, as here, the Michigan Court of Appeals rejected a petitioner's appeal "for lack of merit in the grounds presented," and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, the state courts' decision are entitled to deference under § 2254(d)(1). See *Werth v. Bell*, 692 F. 3d 486, 492-94 (6th Cir. 2012).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per

4

curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), quoting *Williams*, 529 U.S. at 413.

### III. Analysis

Petitioner's poorly drafted pro se petitions do not clearly state grounds for relief. The pleadings make reference to a lack of evidence to support the charges, jurisdictional defects, violations of due process, and violations of double jeopardy. Nevertheless, all of the potential claims of error concern matters that occurred prior to the plea proceeding. Because the record of the plea proceeding indicates that Petitioner's pleas were voluntary, these antecedent claims of error are waived. Moreover, the claims are devoid of merit.

A guilty plea "is more than a confession which admits that the accused did various acts," but rather it constitutes an "admission that he committed the crime charged against him." *United States v. Broce*, 488 U.S. 563, 570 (1989) (citations omitted). By entering a guilty plea, "the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *Id*. Thus, "[j]ust as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes." *Id*.

Because "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence," where a judgment of conviction upon a guilty plea has become final and the individual initiates a collateral attack, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and

5

voluntary." *Id*. at 569. If the guilty plea was counseled and voluntary, the general rule is that such a plea "foreclose[s] the collateral attack." This rule applies to a collateral attack asserting violation of the Double Jeopardy Clause. *Id*.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. United States*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id*. at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id*. at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense. *Id*. at 755.

Before accepting Petitioner's pleas, the trial court engaged in an extensive colloquy with Petitioner. The trial court advised Petitioner of the rights he was giving up by pleading guilty, advised him of the terms of the plea agreement, determined that no promises, other than those encompassed in the plea agreement, had been made to Petitioner, and that no one had threatened him to force him to enter the plea. Petitioner stated that he understood the terms of the plea agreement. After conducting the thorough colloquy, the trial court found that Petitioner's pleas were voluntarily entered, and Petitioner points to nothing in the record to undermine that conclusion. Accordingly, by voluntarily entering pleas of guilty and no contest to the charges challenged by his habeas petitions, Petitioner waived all antecedent claims of error.

In any event, the claims do not provide a basis for granting federal habeas relief. Petitioner's challenge to the jurisdiction of the state courts to try him and to the sufficiency of the evidence to support the charges do not raise cognizable claims. The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler*, 532 F. 2d 1058, 1059 (6th Cir. 1976); See also *Daniel v. McQuiggin*,

678 F. Supp. 2d 547, 553 (E.D. Mich. 2009). Moreover, sufficient evidence was proffered at the plea hearing to support the charges. With respect to the 2011 charges, Petitioner admitted under oath during the plea hearing that he was present in his car with a gun, and that he was a convicted felon at the time. Dkt. 13-10, at 12. With respect to the 2012 charges, the court referred to the preliminary examination transcript which indicated that Petitioner unlawfully restrained Sherri Smith with a knife and a gun. Id., at 13-14.

Finally, Petitioner's rights against double jeopardy were not violated when he was charged with multiple firearm offenses arising out of individual criminal transactions. The Michigan legislature intended for there to be cumulative punishments for the offenses of felon in possession of a firearm and felony firearm. See *People v. Mitchell*, 456 Mich. 693, 575 N.W.2d 283 (1998). Because the state legislature intended for multiple punishment in these circumstances, Petitioner's convictions and sentences do not violate the Double Jeopardy Clause. See *White v. Howes*, 586 F.3d 1025, 109 (6th Cir. 2009) ("Once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination.")(citing *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989)).

As Petitioner's claims are waived by his pleas and are otherwise without merit, the petition will be denied.

### IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability issued. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P.

22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted). Here, jurists of reason would not debate the Court's conclusion that Petitioner has not met the standard for a certificate of appealability because his claim is devoid of merit. Therefore, the Court denies a certificate of appealability.

The Court will also deny permission to appeal in forma pauperis because any appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2)  **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**SO ORDERED.**

s/Gerald E. Rosen
United States District Judge

Dated:  October 17, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 17, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

8